**In re Lola Arlene HOLLEY, Debtor.**

**Bankruptcy No. 2–90–07879.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Feb. 28, 1992.

David Lasky, Lasky & Semons, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER ON APPLICATION TO MODIFY

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Application to Modify filed by Lola Arlene Holley ("Debtor") and the Memorandum in Opposition to Debtor's Application to Modify filed by Frank M. Pees, Chapter 13 Trustee ("Trustee"). A hearing to consider this matter was held November 25, 1991 at which time the parties were afforded the opportunity to present evidence in support of their respective positions.

The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### I. *Findings of Fact*

Debtor filed her Chapter 13 petition on November 21, 1990. The Debtor proposed a plan which was to pay a 100% dividend to her unsecured creditors over approximately 53 months with monthly payments of $433.33. The Debtor's plan was confirmed by order of this Court entered February 7, 1991.

The Debtor, through her Application to Modify, seeks to reduce her monthly payment from $433.33 to $250.00 which will result in a dividend of 20% to her unsecured creditors. The basis for the requested modification is the termination of the Debtor's employment with the State of Ohio. The Debtor further testified that she had been conscientiously seeking employment but had been unsuccessful in finding a full-time job.

Approximately ninety (90) days following the termination of her employment, the Debtor received a distribution of $11,822.96 from the State of Ohio representing the Debtor's interest in her Public Employees Retirement System ("PERS") account. The funds in the account are exempt, while in the account, under the Ohio Revised Code. The Debtor testified that she received these funds on August 10, 1991.

The Trustee filed a Memorandum in Opposition to the Debtor's Application to Modify her plan, asserting that the Debtor's interest in her PERS account should be made available for distribution to the Debtor's creditors. The Trustee contends that the distribution constitutes a windfall to the Debtor. The Trustee cites *In re Fitak*, 121 B.R. 224 (D.C.Ohio, 1990) in support of his position.

## II. *Conclusions of Law*

In *Fitak*, creditors sought to modify the debtor's plan to include a post confirmation distribution received by the debtor from her PERS account.[1] The court reasoned that the doctrine of *res judicata* would normally preclude a creditor from, in effect, "relitigating" the confirmation of the debtor's plan; however, the court held that a change in the debtor's financial condition which was not reasonably anticipated at the time of confirmation by the party seeking modification would justify the reconsideration of the debtor's plan. In determining that the receipt by the debtor of her PERS funds was not reasonably anticipated, the court stated:

> To find in favor of Debtors would have the likely effect of encouraging future Debtors to withdraw PERS funds after the confirmation and during the term of the Plan allowing an undesirable windfall at the same time Creditors are seeking relief.

*Fitak*, at p. 227.

In the case presently before the Court, it is clear that the Trustee could not have foreseen the termination of the Debt-

or's employment with the State, since the Debtor's employment was to have funded her confirmed plan. However, the Court does not perceive in this particular case the abuse which the district court sought to prevent. The education and recent job history of the Debtor, as well as her apparent emotional instability, indicate that there is little hope of the Debtor regaining the occupational benefits she enjoyed while working for the State.

The Debtor testified at hearing that she utilized the funds she received from her PERS account to pay her day-to-day living expenses, to repair her mobile home, and to make her plan payments. The distribution of the PERS funds to the Debtor did not in any way result in a windfall to her.

In addition, if this Court were to require the Debtor to pay her PERS funds to the Trustee, portions of which she has apparently already paid to the Trustee or otherwise spent, the Trustee would of course raise the Debtor's best interest dividend. This will likely force the Debtor to convert her case to chapter 7, because she no longer has the funds which would be needed to meet the amended best interest dividend. A review of the case file indicates that the Debtor has few if any assets which are not exempt or unencumbered. The PERS funds, having already been spent, would not be a part of the Debtor's chapter 7 estate, unless the chapter 7 trustee can recover the funds through a preference action or other means. Therefore, it would appear that the Debtor's unsecured creditors would not receive a dividend in a liquidation. Continuation of the Debtor's plan, even at a lower dividend, would be in the best interests of the creditors.

The Court must note that it does not disagree with the ruling in *Fitak*. This Court would certainly disapprove of any attempts by a debtor to convert previously exempt funds to his or her own use at the expense of creditors. Further, the Court would expect that the facts as presented by this case would be a rare occurrence. Any

---

1. While the Trustee does not here seek to modify the Debtor's plan, the Trustee's Memorandum in Opposition appears to suggest that such a

modification would be appropriate in light of the Debtor's Application to reduce the plan dividend from 100% to 20%.

attempt by debtors to avoid the inclusion of formerly exempted funds from their Chapter 13 plan will be closely scrutinized by the Court. Therefore, it is hereby

ORDERED that the Application to Modify of Lola Holley is granted and the Plan dividend and monthly payment will be reduced to 20% and $250.00 per month, respectively.

IT IS SO ORDERED.